UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Jarred Dean Lind,

          Plaintiff,

vs.                       REPORT AND RECOMMENDATION

Erik Skon,

          Defendant.         Civ. No. 08-4378 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge upon a routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

By way of brief background, on July 3, 2008, the Plaintiff, who was then an inmate at the Carlton County Jail, in Carlton, Minnesota, commenced this action by filing a Complaint seeking relief under Title 42 U.S.C. §1983.[1]  See, <u>Docket No. 1</u>. The Plaintiff did not pay any filing fee for this action, but instead, filed an Application seeking leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP").  See, <u>Docket No. 2.</u>  By Order

---

[1] The Department of Corrections website discloses that the Plaintiff is now incarcerated at the Minnesota Correctional Facility, in Oak Park Heights, Minnesota. See, http://www.doc.state.mn.us.

dated July 17, 2008, we directed the Plaintiff to submit his initial partial filing fee of $67.20, and one (1) completed United States Marshal service form for the Defendant, by no later than August 15, 2008. See, <u>Order</u>, <u>Docket No. 4</u>.

Instead, on August 7, 2008, the Plaintiff filed a self-styled "Petition for Reconsideration," in which he asked that we excuse him from paying the initial partial filing fee, which prisoners are required to pay pursuant to Title 28 U.S.C. §1915(b)(1). He also filed what purported to be an Amended Complaint. See, <u>Docket No. 6</u>. In view of the fact that the original Complaint had yet to be served, and no appearance had been made by, or on behalf of, the Defendant, we acknowledged that the Plaintiff was entitled to amend his pleading "once as a matter of course," pursuant to Rule 15(a), Federal Rules of Civil Procedure. See, <u>Order</u>, <u>Docket No. 7</u>. However, we found that the Plaintiff had failed to comply with our Local Rules, because he did not submit his Amended Complaint on the form prescribed for use in this District in a prisoner civil rights action. See, <u>D. Minn. LR 9.3</u> ("[C]omplaints brought by prisoners under 42 U.S.C. § 1983 or any other Civil Rights statute shall be submitted for filing in a form which is substantially in compliance with forms available from the Clerk of Court.").

Accordingly, on October 7, 2008, this Court issued an Order, which stated as follows:

> Since the Plaintiff did not submit his Amended Complaint on the proper form, that pleading will be stricken, but without prejudice, and the Plaintiff will be afforded an opportunity to submit a new pleading on the proper form. If the Plaintiff intends to pursue this action, he must file a new pleading, plainly labeled as his "Second Amended Complaint," using the Complaint form prescribed for prisoner civil rights actions brought in this District, which is available from the Clerk of Court upon request.
>
> If the Plaintiff does not file a new pleading, on the proper form, **within twenty (20) days after the date of this Order**, he will be deemed to have abandoned this action, and we will recommend that this action be summarily dismissed without prejudice, for failure to prosecute, pursuant to Rule 41(b), Federal Rules of Civil Procedure.

The Plaintiff has failed to abide by the terms of our Order of October 7, 2008. Since we have previously warned the Plaintiff of the potential consequences for his failure to timely submit an Amended Complaint, and to abide by the Orders of this Court, we recommend that this action be dismissed, for failure to comply with this Court's Order of October 7, 2008, and for lack of prosecution.

NOW, THEREFORE, It is --

RECOMMENDED:

That this action be dismissed for failure to comply with this Court's Order of October 7, 2008, and for lack of prosecution.

BY THE COURT:

Dated:  November 3, 2008         *s/Raymond L. Erickson*
                                 Raymond L. Erickson
                                 CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 21, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than November 21, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.